UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEBORAH HARPER,                        :

                Plaintiff,           :    1:19-cv-0736-MJP

              -v-                  :

COMMISSIONER OF SOCIAL SECURITY,
                                  :
                Defendant.
_____  :

**ORDER**

      Plaintiff filed an action seeking judicial review of the decision of the Commissioner of Social Security which denied her claim for Disability Insurance Benefits and Supplemental Security Income pursuant to 42 U.S.C.§§ 405(g) and 1383(c)(3).  Both parties filed Motions for Judgment on the Pleadings, and oral argument was held on December 22, 2020.

      This Court has reviewed the parties competing motions together with their respective memoranda of law, and the arguments of Amy C. Chambers, Esq. of the Law Offices of Kenneth Hiller PLLC, attorneys of record for Plaintiff, and Blakely J. Pryor, Esq., Special Assistant United States Attorney for the Western District of New York, attorney of record for Defendant.  Now, upon all pleadings, the administrative record, the parties' memoranda of law, and the arguments of the parties,

      It is ORDERED and ADJUDGED, for the reasons stated in open Court at the oral argument of this matter on December 22, 2020, pursuant to 28 U.S.C. § 636(c) and the parties' consent, and consistent with this Court's ruling from the bench following oral argument, the decision of defendant Commissioner is vacated and the matter is remanded to the Commissioner of Social Security for a mandated rehearing by an Administrative Law Judge (ALJ) and further administrative proceedings consistent with this Order; and it is further

ORDERED and ADJUDGED, that upon remand, the agency shall give further consideration to the new evidence Plaintiff submitted to the agency's Appeals Council after the ALJ's decision, as the Court finds that evidence to be: (1) relevant to the claimant's condition during the time period adjudicated by the ALJ; (2) probative; and (3) reasonably likely to have influenced the ALJ to decide the claimant' s application differently.  *See Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988).  *Williams v. Comm'r of Soc. Sec.*, 236 F. App'x 641, 644 (2d Cir. 2007).

ORDERED and ADJUDGED, that this case is vacated and remanded to the Commissioner for further administrative proceedings including new hearing before the ALJ consistent with this Order.  The transcript of these proceedings shall be filed, and the Court Clerk shall close this case.

**SO ORDERED**

_____
MARK W. PEDERSEN
UNITED STATES MAGISTRATE JUDGE

DATED:  December 28, 2020
        Rochester, New York

```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------x        19-CV-736 (MJP)
DEBORAH HARPER,

vs.
                                       Rochester, New York
COMMISSIONER OF SOCIAL SECURITY,       December 22, 2020
            Defendant.                 2:10 p.m.
------------------------------x
```
**DECISION**

```
                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE MARK W. PEDERSEN
                  UNITED STATES MAGISTRATE JUDGE



FOR PLAINTIFF:      LAW OFFICES OF KENNETH HILLER, PLLC
                    BY:  AMY C. CHAMBERS, ESQ.
                    6000 North Bailey Avenue
                    Suite 1A
                    Amherst, New York 14226

FOR DEFENDANT:      OFFICE OF GENERAL COUNSEL
                    BY:  BLAKELY PRYOR, ESQ.
                    Social Security Administration
                    601 E. 12th Street
                    Room 975
                    Kansas City, Missouri 64106




COURT REPORTER:     Diane S. Martens
                    dimartens55@gmail.com
```

**P R O C E E D I N G S**

\*          \*          \*

**THE COURT:** Counsel, I'm ready to issue my decision.

Title 42 U.S. Code Section 405(g) grants jurisdiction to District Courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court shall have the power to enter upon the pleadings and transcript of the record the judgment affirming, modifying or reversing the decision of the Commissioner of the Social Security with or without remanding the case for a rehearing.

It directs that, when considering the claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

To determine whether substantial evidence supports the Commissioner's findings, the Court must examine the entire record including contradictory evidence and evidence for which conflicting inferences can be drawn.

Section 405(g) limits the scope of the Court's

2:11PM  1  review to two inquiries:  Whether the Commissioner's findings
2  were supported by substantial evidence in the record and
3  whether the Commissioner's conclusions are based upon an
4  erroneous legal standard.
5       A person is disabled for the purposes of SSI and
6  Disability benefits if he or she is unable to engage in any
7  substantial gainful activity by reason of any medically
8  determinable physical or mental impairment which can be
9  expected to result in death, or which has lasted or can be
10  expected to last for a continuous period of not less than
11  12 months.
12       Assessing whether a claimant is disabled, the ALJ
13  must employ a five-step sequential analysis.  The five steps
14  are:  One, whether the claimant is currently engaged in
15  substantial gainful activity; two, if not, whether the
16  claimant has any severe impairment that significantly limits
17  the claimant's physical or mental ability to do basic work
18  activities; three, if so, whether any of the claimant's
19  severe impairments meets or equals one of the impairments
20  listed in Appendix 1, Subpart P, Part 404 of the relevant
21  regulations; four, if not, whether, despite the claimed
22  severe impairments, the claimant retains the residual
23  functional capacity to perform past work; and, five, if not,
24  whether the claimant retains the residual functional capacity
25  to perform any other work that exists in significant numbers

2:13PM  1  in the national economy.
2          Claimant bears the burden of proving his or her
3  case at Steps one through four.
4          Step five the burden shifts to the Commissioner to
5  show that there is other gainful work in the national economy
6  which the claimant could perform.
7          We've identified three issues raised by plaintiff
8  in this case.  The first issue I identified was whether the
9  ALJ erred at Step two by not finding some of her mental
10 conditions to be severe.  I believe sufficient evidence in
11 the record supports the ALJ's decision on that ground and so
12 I'm not going to grant any relief to the claimant on that
13 issue.
14         The other issue we reviewed was whether there was a
15 gap in the record.  And I believe the ALJ found and his
16 finding is supported by substantial evidence that the ALJ did
17 what he had to do to fulfill his obligation in completing the
18 record.
19         With regard to the residual functional capacity,
20 the question there is whether the new evidence that was
21 submitted to the Appeals Council is relevant to the
22 claimant's condition during the time period for which
23 benefits were denied.  Yes, I believe that the new evidence
24 was relevant because it pertained to her back pain and the
25 new evidence showed that she had a laminectomy; that is, the

2:14PM  1   removal of some bone in her spine to alleviate the back pain.

2           Two, she has to show that the evidence was
3   probative.  I believe that she has shown that.
4           And, three, the claimant must show that the
5   evidence was reasonably likely to have influenced the ALJ to
6   decide the claimant's application differently.  I interpret
7   that to mean that the ALJ would have decided she was disabled
8   versus his decision not disabled.  And I find that that is
9   the case here, that the ALJ knowing that she had had major
10  surgery to relieve the back pain would have reasonably likely
11  influenced him to decide the case differently.
12          Therefore, I am going to grant judgment to the
13  plaintiff on that one issue, pursuant to the fourth sentence
14  in Section 405(g) to remand the case to the Commissioner for
15  a new hearing to address that particular issue.
16          I ask the claimant to please prepare an order,
17  settle it with the Commissioner's attorney and attach and
18  reference a copy of this transcript of my oral decision.
19          Thank you, Counsel, very much for the argument.
20  Take care.
21          **THE CLERK:**  Your Honor, before disconnecting, just
22  one matter of housekeeping.
23          Are you directing the Clerk of Court to enter
24  judgment on the pleadings and close the case?
25          **THE COURT:**  I am directing the Clerk to enter

2:16PM     1   judgment for plaintiff and close the case.
           2           Thank you, Mr. Bock.
           3           **THE CLERK:**  Thank you, Judge.
           4           **MS. CHAMBERS:**  Thank you, your Honor.
           5           (**WHEREUPON,** proceedings adjourned.)
           6
           7
           8
           9                   *          *          *
          10              **CERTIFICATE OF REPORTER**
          11
          12           In accordance with 28, U.S.C., 753(b), I
          13   certify that these original notes are a true and correct
          14   record of proceedings in the United States District Court
          15   of the Western District of New York before the Honorable
          16   Mark W. Pedersen on December 22, 2020.
          17
          18
          19   S/ Diane S. Martens
          20   Diane S. Martens, FCRR
               Official Court Reporter
          21
          22
          23
          24
          25